1   **BLUMENTHAL, NORDREHAUG & BHOWMIK LLP**
      Norman B. Blumenthal (State Bar #068687)
2     Kyle R. Nordrehaug (State Bar #205975)
      Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
    La Jolla, CA 92037
4   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
5   Website: www.bamlawca.com

6   Attorneys for Plaintiff

7

8

9

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14

15   KATHERINE SALTZBERG, an            Case No. **2:17-CV-05798**
     individual, on behalf of herself, and
16   on behalf of all persons similarly     **CLASS ACTION COMPLAINT**
     situated,                               **FOR:**

17
                                            1.  VIOLATION OF THE FAIR
18              Plaintiff,                  CREDIT REPORTING ACT FOR
                                            FAILURE TO MAKE PROPER
19   vs.                                    DISCLOSURES [15 U.S.C. § 1681, *et
                                            seq.*] and,
20   HOME DEPOT U.S.A., INC., a
     Corporation,                           2.  VIOLATION OF THE FAIR
21                                          CREDIT REPORTING ACT FOR
                                            FAILURE TO OBTAIN PROPER
22              Defendant.                  AUTHORIZATION [15 U.S.C. § 1681,
                                            *et seq.*].
23

24                                          **DEMAND FOR A JURY TRIAL**

25

26

27

28

Plaintiff Katherine Saltzberg ("PLAINTIFF"), on behalf of herself and all others similarly situated, alleges on information and belief, except for her own acts and knowledge, the following:

## **THE PARTIES**

1.     Defendant Home Depot U.S.A., Inc. ("DEFENDANT") is a Corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.     Home Depot U.S.A., Inc., doing business as The Home Depot, owns and operates home improvement retail stores. The company offers building materials, home improvement, lawn and garden, kitchen, lighting, storage, and flooring design products. The company was incorporated in 1989.

3.     PLAINTIFF sought employment with one of the many Home Depot service providers in March of 2016.  During the application process PLAINTIFF executed a background check disclosure and authorization form permitting Home Depot to obtain a consumer report and conduct a background check on her.

4.     PLAINTIFF brings this Class Action on behalf of herself and a nationwide class, defined as all persons in the United States who executed DEFENDANT's standard FCRA background check disclosure form that included a liability release clause (the "CLASS") at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CLASS PERIOD")

## **NATURE OF THE ACTION**

5.     The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* ("FCRA") provides individuals with a number of rights.  Specifically, pertaining to employment-related background checks, the FCRA provides that a prospective employee must give valid consent to the background check.  The FCRA requires a signed authorization and

disclosure from the applicant, sometimes referred to as a "consent" form.  The authorization and disclosure form must be executed and signed by the applicant prior to an employer requesting or conducting a background check.  Importantly, no extraneous information can be attached or included on the consent form.  *The authorization and disclosure must stand alone*.

6.     In violation of 15 U.S.C. § 1681b(b)(2)(A)(I), DEFENDANT has unlawfully inserted liability release provisions into forms purporting to grant DEFENDANT the authority to obtain and use consumer report information for employment purposes.  The FCRA prohibits this practice and requires that forms granting the authority to access and use consumer report information for employment purposes be stand alone forms, and not include any additional information or agreements.  DEFENDANT's decision to include liability release provisions in its disclosure and authorization forms is contrary to the plain language of the statute and unambiguous regulatory guidance from the Federal Trade Commission ("FTC").

7.     In violation of 15 U.S.C. § 1681b(b)(2)(A)(ii) DEFENDANT has obtained consumer reports without proper authorization because the authorization and disclosure form signed by PLAINTIFF failed to comply with the requirements of the FCRA.  The inclusion of the liability waiver in DEFENDANT's disclosure and authorization forms invalidates the purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that DEFENDANT obtained a consumer report without a facially valid authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

## **FACTUAL ALLEGATIONS**

8.     PLAINTIFF applied to work for Lifetime Solutions, Inc. who provides water solutions for DEFENDANT's customers.  In connection with her employment application with the DEFENDANT's third party service provider Lifetime Solutions, Inc., PLAINTIFF completed DEFENDANT's standard background check forms.

Following her completion of the background check forms, DEFENDANT conducted a background check on PLAINTIFF and PLAINTIFF was hired to work for DEFENDANT's third party service provider, Lifetime Solutions, Inc.

9.     The background check disclosure and authorization forms disclosed that DEFENDANT intended to conduct a background investigation on the applicant that would involve investigating the applicant's work record, references and education.  In addition, the form also contained a liability release provision.

10.    The inclusion of this release provision in the background check disclosure and authorization form violates the FCRA, 15 U.S.C. § 1681, *et seq.*

11.    Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

(ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause(i)) the procurement of the report.

15 U.S.C.  §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

12.    After PLAINTIFF executed the background check disclosure and authorization form in May of 2016, DEFENDANT obtained a consumer report on the PLAINTIFF notwithstanding the fact that the background check disclosure and authorization form was invalid under the requirements of the FCRA.

13.    Although the disclosure required by clause (i) and the authorization required by clause (ii) may be combined in a single document, the FTC has warned that the form should not include any extraneous information.  Further, the FTC has also specifically warned that the inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. §§ 1681b(b)(2)(A)], which requires that a disclosure consist solely of the disclosure that a consumer report may be obtained for employment purposes.

14.    By including a liability release in its background check disclosure and

1  authorization form, DEFENDANT willfully disregarded the FTC's regulatory guidance
2  and violated 15 U.S.C. §§ 1681b(b)(2)(A).

3

4                            **THE CLASS**

5        15.     PLAINTIFF brings the First and Second Causes of Action pursuant to Fed.
6  R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a nationwide Class, defined as all persons
7  in the United States who executed DEFENDANT's standard FCRA background check
8  disclosure form that included a liability release clause (the "CLASS") at any time during
9  the period beginning five (5) years prior to the filing of this Complaint and ending on the
10 date as determined by the Court (the "CLASS PERIOD"). To the extent equitable tolling
11 operates to toll claims by the  CLASS against DEFENDANT, the CLASS PERIOD
12 should be adjusted accordingly.

13       16.     DEFENDANT, as a matter of corporate policy, practice and procedure, and
14 in violation of The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*., intentionally,
15 knowingly, and wilfully, engaged in a practice whereby DEFENDANT uniformly,
16 unfairly, unlawfully, and deceptively instituted a practice of obtaining consumer reports
17 without valid authorization to do so.

18       17.     The CLASS is so numerous that joinder of all CLASS Members is
19 impracticable.

20       18.     DEFENDANT uniformly violated the rights of the CLASS by:

21             (a)    Violating The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*.,
22                    by unlawfully, unfairly and/or deceptively having in place company
23                    policies, practices and procedures that uniformly obtained credit
24                    reports on without first obtaining valid authorization consent forms.

25       19.     Common questions of law and fact exist as to members of the CLASS,
26 including, but not limited, to the following:

27             (a)    Whether DEFENDANT required the CLASS Members to sign a
28                    background check disclosure and authorization form;

(b) Whether DEFENDANT's background check disclosure and authorization form complies with the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*. ("FCRA");

(c) Whether DEFENDANT violated the FCRA by including a liability release in its background check disclosure and authorization form;

(d) Whether DEFENDANT violated the FCRA by procuring consumer report information based on invalid authorizations;

(e) Whether DEFENDANT's violations of the FCRA were willful;

(f) The proper measure of statutory damages and punitive damages; and,

(g) The proper form of injunctive and declaratory relief.

20.  This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a) The persons who comprise the CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, and declaratory relief issues that are raised in this Complaint are common to the CLASS will apply uniformly to every member of the CLASS;

(c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CLASS.  PLAINTIFF, like all the other members of the CLASS, had a credit report and background check obtained on her behalf by DEFENDANT prior to obtaining valid authorization to do so in violation of the FCRA as described herein.  PLAINTIFF and the members of the CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)  The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CLASS, and has retained counsel who are competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CLASS that would make class certification inappropriate.  Counsel for the CLASS will vigorously assert the claims of all CLASS members.

21.  In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)  Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CLASS will create the risk of:

1)  Inconsistent or varying adjudications with respect to individual members of the CLASS which would establish incompatible standards of conduct for the parties opposing the CLASS; and/or,

2)  Adjudication with respect to individual members of the CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)  The parties opposing the CLASS have acted or refused to act on grounds generally applicable to the CLASS, making appropriate class-wide relief with respect to the CLASS as a whole;

(c)  Common questions of law and fact exist as to the members of the CLASS, with respect to the practices and violations of the FCRA as

listed above, and predominate over any question affecting only individual CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)  The interests of the members of the CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.  Inconsistent or varying adjudications with respect to individual members of the CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

    B.  Adjudications with respect to individual members of the CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)  In the context of employment litigation because as a practical matter a substantial number of individual CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through

a representative; and,

4)   A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

22.   This Court should permit this Action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

(a)   The questions of law and fact common to the CLASS predominate over any question affecting only individual CLASS Members because DEFENDANT's employment practices were uniform and systematically applied with respect to the CLASS;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CLASS because in the context of employment litigation a substantial number of individual CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CLASS are so numerous that it is impractical to bring all members of the CLASS before the Court;

(d)   PLAINTIFF, and the other CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of statutory violations and other improprieties, and in obtaining adequate compensation for the injuries which DEFENDANT's actions have inflicted upon the

CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CLASS, thereby making final class-wide relief appropriate with respect to the CLASS as a whole;

(h)     The members of the CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all FCRA claims arising out of the conduct of DEFENDANT as to the members of the CLASS.

## **JURISDICTION AND VENUE**

23.     This Court has jurisdiction over the PLAINTIFF's federal claims pursuant to 28 U.S.C. § 1331(a) and 15 U.S.C. 1681p of the FCRA, codified at 15 U.S.C. § 1681, *et seq*.

24.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (i) DEFENDANT is subject to personal jurisdiction in this District and therefore resides in this District; (ii) DEFENDANT maintains offices and facilities in this District; and, (iii) DEFENDANT committed the wrongful conduct against members of the CLASS, including the PLAINTIFF in this District.

///
///
///
///
///

**FIRST CAUSE OF ACTION**

**For Failure to Make Proper Disclosure in Violation of the FCRA**

**[15 U.S.C. § 1681b(b)(2)(A)(i),** *et seq.***]**

**(By PLAINTIFF and the CLASS and Against All Defendants)**

25.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

26.     DEFENDANT violated 15 U.S.C. § 1681b(b)(2)(A)(i) of the FCRA by including a liability release in the background check disclosure and authorization forms that PLAINTIFF and other CLASS Members were required to execute as a condition of employment with DEFENDANT's third party service providers.

27.     The violations of the FCRA were willful.  DEFENDANT knew that its background check disclosure and authorization forms should not include extraneous information that is prohibited by the FCRA, and acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(i).

28.     PLAINTIFF and the CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

29.     PLAINTIFF and CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

30.     PLAINTIFF and CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

///

///

///

///

## SECOND CAUSE OF ACTION

**For Failure to Obtain Proper Authorization in Violations of the FCRA**

**[15 U.S.C. § 1681b(b)(2)(A)(ii)]**

**(By PLAINTIFF and the CLASS and Against All Defendants)**

31.    PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

32.    DEFENDANT violated the FCRA by procuring consumer reports relating to PLAINTIFF and other CLASS Members without proper authorization. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

33.    The violations of the FCRA were willful.  DEFENDANT acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

34.    PLAINTIFF and the CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

35.    PLAINTIFF and CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

36.    PLAINTIFF and CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, the PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the CLASS:

A)    That the Court certify the First and Second Causes of Action asserted by the  CLASS as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

B)     A determination and judgment that DEFENDANT willfully violated 15 U.S.C. § 1681(b)(2)(A)(i) and(ii) of the FCRA by improperly including liability release language in its background check disclosure and authorization form and by obtaining consumer reports on PLAINTIFF and CLASS Members without having proper authorization to do so;

C)     Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to PLAINTIFF and the members of the CLASS in an amount equal to $1,000 for PLAINTIFF and each CLASS Member for DEFENDANT's willful violation of the FCRA;

D)     Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to PLAINTIFF and other CLASS Members;

E)     An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

F)     Such other and further relief as the Court deems just and equitable.


Dated: August 4, 2017          BLUMENTHAL, NORDREHAUG & BHOWMIK LLP


                          By:   /s/ Norman B. Blumenthal
                                Norman B. Blumenthal
                                Attorneys for Plaintiff

## **DEMAND FOR A JURY TRIAL**

PLAINTIFF demands a jury trial on issues triable to a jury.


Dated: August 4, 2017          BLUMENTHAL, NORDREHAUG & BHOWMIK LLP


By: *  /s/ Norman B. Blumenthal*
Norman B. Blumenthal
Attorneys for Plaintiff