JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-05798-RGK (AKx) | Date | October 18, 2017 |
|---|---|---|---|
| Title | *SALTZBERG v. HOME DEPOT, U.S.A., INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS)** Order Re: Defendant's Motion to Dismiss (DE 17)

## I. INTRODUCTION

On August 4, 2017, Plaintiff Katherine Saltzberg ("Saltzberg"), on behalf of herself and all those similarly situated, filed a Complaint against Defendant Home Depot U.S.A., Inc. ("Home Depot"). Saltzberg alleges two violations of 15 U.S.C. § 1681b, also known as the Fair Credit Reporting Act ("FCRA"): (1) failure to make proper disclosures and (2) failure to obtain proper authorization.

Presently before the Court is Home Depot's Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). For the following reasons, the Court **GRANTS** Home Depot's Motion to Dismiss.

## II. FACTUAL BACKGROUND

In her Complaint, Saltzberg alleges the following:

Home Depot is a corporation doing business in California. Home Depot owns and operates home improvement retail stores.

In March 2016, Saltzberg sought employment with Lifetime Solutions, Inc. ("Lifetime"), a Home Depot service provider. Lifetime provides water solutions for Home Depot's customers. In connection with her employment application, Saltzberg completed Home Depot's standard background check forms. In May 2016, Home Depot conducted a background check on Saltzberg and she was subsequently hired to work for Lifetime.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 17-05798-RGK (AKx) | Date | October 18, 2017 |
|---|---|---|---|
| Title | *SALTZBERG v. HOME DEPOT, U.S.A., INC.* | | |

The background disclosure and authorization forms consist of two pages. (Ex. 1, ECF No. 17-2.)[1] The first page, entitled "Background Check Applicant/Employee Information" ("Information Page"), contains (1) blanks for an applicant's personal contact information, (2) provisions stating that information obtained would not be used for purposes that violate equal opportunity laws or regulations, (3) a liability waiver, and (4) a signature line. The second, separate page, entitled "Authorization," ("Authorization Page"), includes (1) language disclosing Home Depot's intent to conduct a background investigation, which would involve investigating the applicant's work record, references, and education and (2) a signature line.

Saltzberg asserts that these two forms, provided together, constitute one document. Accordingly, Saltzberg asserts that the inclusion of the liability release provision on the Information Page with the disclosure on the Authorization Page violates section 1681b(b)(2)(A)(i) of the FCRA, which requires that disclosures be provided in their own separate document (the "standalone requirement"). Thus she contends that the forms and her authorization were invalid, and as such that Home Depot obtained a consumer report on her in violation of section 1681b(b)(2)(A)(ii), which requires valid authorization for consumer reports.

Saltzberg brings this class action on behalf of herself and a nationwide class, defined as all persons in the United States who executed Home Depot's standard FCRA background check disclosure form that included a liability release clause, during the five years preceding the filing of this Complaint.

### III.   JUDICIAL STANDARD

A party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To show standing, a plaintiff must demonstrate (1) an injury-in-fact that is (2) fairly traceable to defendant's conduct and that (3) the court may adequately redress. *Id.* at 560–61. "The party invoking federal jurisdiction bears the burden of establishing [standing]." *Id.*

---

[1] The Court will consider the background disclosure and authorization forms provided in Home Depot's Motion to Dismiss because the forms are the basis of Saltzberg's Complaint, and are thus incorporated by reference. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-05798-RGK (AKx) | Date | October 18, 2017 |
|---|---|---|---|
| Title | *SALTZBERG v. HOME DEPOT, U.S.A., INC.* | | |

### IV. DISCUSSION

Home Depot asserts that Saltzberg's Complaint should be dismissed for lack of subject matter jurisdiction because Saltzberg did not sufficiently allege Article III standing. Specifically, Home Depot asserts that Saltzberg failed to allege injury-in-fact. The Court agrees.

To survive a motion to dismiss for lack of standing, "[a] plaintiff needs only to plead general factual allegations of injury . . . , for 'we presume that general allegations embrace those specific facts that are necessary to support the claim.'" *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1156 (9th Cir. 2000) (quoting *Lujan*, 504 U.S. at 561). But here, Saltzberg failed to plead even general allegations of injury in her Complaint. Saltzberg alleges that Home Depot violated section 1681b(b)(2)(A)(ii) by "obtain[ing] consumer reports without proper authorization." (Compl. ¶ 7, ECF No. 1). This is ultimately an allegation of a statutory violation, not an injury-in-fact. The injury-in-fact requirement is not "automatically satisfie[d] . . . whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). The Supreme Court has made it clear that "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* Merely asserting a violation of the FCRA is insufficient without connecting it to a concrete injury.

Because Saltzberg failed to allege a concrete injury, the Court finds that Saltzberg failed to sufficiently plead the requisite elements of standing in her Complaint. Although Saltzberg attempts to cure this deficiency by pleading injury in her Opposition, the Court may not consider these arguments. In determining the propriety of a 12(b)(6) dismissal, courts may look only to the Complaint and memoranda do not constitute pleadings under Rule 7(a). *See Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1201 n.1 (9th Cir. 1998). Accordingly, the Court **GRANTS** Home Depot's Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).[2]

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Home Depot's Motion to Dismiss Saltzberg's Complaint under Rule 12(b)(1).

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

---

[2] Home Depot also moves to dismiss Saltzberg's Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Because the Court grants Home Depot's 12(b)(1) Motion, the Court need not consider the 12(b)(6) Motion.